IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

FILED
FEB 7 2020
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

KENNETH K. ZARA,

    Plaintiff,

v.

UNITED STEEL WORKERS LOCAL 8-957
and
MYLAN PHARMACEUTICALS, INC.,

    Defendants.

CIVIL ACTION NO.: 1:19CV175
(KLEEH)

## REPORT AND RECOMMENDATION

This case comes before the undersigned Magistrate Judge pursuant to an Order of Referral [ECF No. 17] entered December 18, 2019. Currently pending are Defendant, Mylan Pharmaceuticals, Inc.'s (hereinafter "Mylan") and Defendant, United Steelworkers Local 8-957's (hereinafter "USW") Motions to Dismiss, filed December 10, 2019 [ECF No. 12] and December 30, 2019 [ECF No. 23], respectively. The undersigned has considered the aforementioned Motions and now makes the following recommendations to the District Judge.

## I.
## FACTUAL/PROCEDURAL HISTORY

On September 7, 2019, Plaintiff[1] filed a Complaint which sets forth various claims. These claims appear to arise out of a series of events which took place between 2018 and 2019 which

---

[1] Although it appears that Plaintiff may have been represented by counsel at the initiation of this case, Plaintiff is *pro se*. Consequently, the undersigned has liberally construed the allegations made in Plaintiff's Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

culminated in Plaintiff's alleged wrongful termination. Plaintiff appears to claim that his termination was retaliatory in nature for having expressed dissatisfaction and disagreement with the new Union president, Joe Gouzd, and for having opposed portions of a proposed new Union contract between USW and Mylan. Plaintiff further contends that his Union grievance was improperly handled, and he believes this was the result of the Union president's personal dislike of Plaintiff.

On December 10, 2019, Mylan filed a Motion to Dismiss Plaintiff's Complaint [ECF No. 12]. On December 30, 2019, USW similarly filed a Motion to Dismiss [ECF No. 23]. The Court issued a *Roseboro* Notice to Plaintiff with respect to each of the aforementioned Motions [ECF Nos. 19 and 24]. Though Plaintiff filed a response in opposition to USW's Motion to Dismiss, Plaintiff did not file a response in opposition to Mylan's Motion to Dismiss. Nevertheless, the undersigned has considered the substance of each Motion, Plaintiff's filings, the applicable law and the Court file. The undersigned's recommendations are set forth below.

## II.
## APPLICABLE LAW

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are implicated by Defendants' Motions. Fed. R. Civ. Pro. 12(b) provides in relevant part as follows:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction….(6) failure to state a claim upon which relief can be granted.

A defendant's jurisdictional challenge under 12(b)(1) is either factual or facial. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A factual challenge attacks the truth-in-fact of a plaintiff's jurisdictional allegations. *Id.* A facial challenge, however, attacks the legal sufficiency of a plaintiff's jurisdictional allegations. *Id.* Where a facial challenge is asserted, as Defendants

2

have done here, a plaintiff is afforded the same procedural protections he or she would receive under Rule 12(b)(6). That is, all facts are taken as true, and all reasonable inferences are drawn in plaintiff's favor. *See id.*

As stated above, in ruling on a Motion to Dismiss made pursuant to R. 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Anderson v. Sara Lee Corp*, 508 F.3d 181, 188 (4th Cir. 2007) (internal citations and quotations omitted). However, the Court should dismiss the Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but the complaint must contain an inference of liability strong enough to push the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. With these standards in mind, the undersigned will consider the substance of Defendants Motions

### III.
### DEFENDANTS' MOTIONS TO DISMISS

Both Mylan's and USW's Motions address the same singular issue, which is whether the Court has subject matter jurisdiction over the claims set forth in Plaintiff's Complaint. As a result, the undersigned will address both Motions jointly.

### A. Arguments of the Parties

#### 1. Mylan's Arguments

Mylan brings its Motion pursuant to Fed. R. Civ. P. 12(b)(1) and (12)(b)(6). Mylan contends that the Court has no jurisdiction over Plaintiff's claims because Plaintiff's claims fall

3

within the National Labor Relations Act ("NLRA"), and all issues which arise out of the NLRA are within the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). In support of this argument, Mylan cites *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959), which Mylan argues gives rise to the clear rule that, when an activity is arguably subject to section 7 or section 8 of the NLRA, Federal Courts must defer to the exclusive competence of the National Labor Relations Board to preside over a dispute involving such activity. Mylan argues that, for these reasons, this Court does not have jurisdiction over Plaintiff's claims and Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. **USW's Arguments**

USW also makes its Motion pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and pursuant to 12(b)(6) for failure to state a claim because Plaintiff's claims arguably fall within section 7 of the National Labor Relations Act, or constitute an unfair labor practice under section 8. In support of its argument, USW cites *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959); *Richardson v. Kruchko & Fries*, 966 F.2d 153 (4th Cir. 1992); and *In re Sewell*, 690 F.2d 403 (4th Cir. 1982).

3. **Plaintiff's Arguments**

While Plaintiff did not file a response to Mylan's Motion to Dismiss, Plaintiff did file a response to USW's Motion. In said response, Plaintiff reiterates many of the facts he set forth in his Complaint. In particular, Plaintiff reinforces his assertions that he was terminated because of his union activities, which he claims angered the new union president, Joe Gouzd. Plaintiff reasserts that, during the 2017 union contract negotiations, he spoke out against 12 hour shifts Mylan was trying to implement (the contract eventually failed; the contract that eventually passed had the provision with which Plaintiff disagreed, omitted). Additionally, Plaintiff asserts that he

4

wrote a letter protesting Mr. Gouzd because Plaintiff did not feel that Mr. Gouzd had the requisite qualifications to be union president. Plaintiff strongly implies that it was these two events which prompted Mr. Gouzd's dislike for Plaintiff, and which resulted in his termination.

**B. Discussion**

After considering Mylan's and USW's Motions and Memoranda in Support, Plaintiff's response, the applicable law, and the Court file, and after considering the allegations set forth in Plaintiff's Complaint, the undersigned would conclude that Plaintiff's Complaint should be dismissed because subject matter jurisdiction does not exist in this case and Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted.

As Defendants correctly point out, Federal Courts are precluded from presiding over matters that arguably fall within sections 7 or 8 of the National Labor Relations Act. *San Diego Bldg.Trades Council, et al. v. Garmon*, 359 U.S. 236, 245 (1959) ("[w]hen an activity is arguably subject to [section] 7 or [section] 8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board").

Section 7 of the National Labor Relations Act provides as follows:

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized by section 158(a)(3) of this title.

29 U.S.C.A. § 157.

Section 8 of the National Labor Relations Act provides in pertinent part as follows:

> (a) Unfair labor practices by employer
> It shall be an unfair labor practice for an employer…(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section

5

>157 of this title; (2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it.
>
>(b) Unfair labor practices by labor organization
>It shall be an unfair labor practice for a labor organization or its agents…(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title…(2) to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a)(3) or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership;

In the instant case, Plaintiff claims that he was terminated in retaliation for engaging in protected, concerted activity (voicing his opposition to a proposed contract between the union and Mylan, which contract was eventually voted down by union members), and for voicing his opposition to Joe Gouzd as being unqualified for the position of union president. Plaintiff also claims that Mylan interfered with the administration of the union. Because these factual allegations clearly fall within sections 7 and 8 of the National Labor Relations Act, Federal Courts have no jurisdiction to consider the same.

Plaintiff also appears to claim that the USW breached its duty of fair representation to Plaintiff when it refused to take to arbitration Plaintiff's grievance against Mylan. Well-established case law indicates that such an action arises under state law as a breach of contract claim. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903 (1967). Therefore, this Court similarly does not have jurisdiction over this claim.

## IV.
## RECOMMENDATION

Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that **Mylan Pharmaceuticals, Inc.'s Motion [12] to Dismiss be GRANTED.** The undersigned

6

further **RECOMMENDS** that **United Steel Workers Local 8-957's Motion [23] to Dismiss also be GRANTED.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.

A copy of such objections should also be submitted to the United States District Judge of record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Respectfully submitted this 7th day of February, 2020.

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE