IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**KENNETH K. ZARA,**

      **Plaintiff,**

  v.                                                      Civil Action No. 1:19cv175
                                                               (Judge Kleeh)

**UNITED STEELWORKERS
LOCAL 8-957 AND MYLAN
PHARMACEUTICALS INC.,**

      **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 27],
GRANTING MOTIONS TO DISMISS [DKT. NOS. 12, 23]
AND DISMISSING COMPLAINT [DKT. NO. 1]**

On September 7, 2019, pro se Plaintiff, Kenneth K. Zara ("Plaintiff" or "Zara"), filed a Complaint alleging claims that arise from a series of events which took place between 2018 and 2019 and which culminated in his termination[1] [Dkt. No. 1]. Plaintiff claims that his termination was in retaliation for having expressed dissatisfaction with the new Union president, Joe Gouzd, and for opposing portions of a proposed new Union contract between the United Steelworkers Local 8-957 ("USW") and Mylan Pharmaceuticals, Inc. ("Mylan") [Id.]. Plaintiff further contends that Mylan interfered with the administration of the union [Id.].

---

[1] Plaintiff Kenneth K. Zara initially filed his Complaint by counsel; however, counsel withdrew [Dkt. Nos. 3, 4, 5] and Plaintiff has since proceeded as a pro se litigant [Dkt. No. 27 at 1]. The matter was referred to the Magistrate Judge by order entered December 18, 2019 [Dkt. No. 17].

Defendants Mylan and USW filed motions to dismiss on December 10, 2019 [Dkt. No. 12], and December 30, 2019 [Dkt. No. 23], respectively. A Roseboro notice was issued to Plaintiff with respect to each motion to dismiss [Dkt. Nos. 19, 24]. Plaintiff filed a response in opposition to USW's motion to dismiss [Dkt. No. 26] but did not respond in substance to Mylan's motion to dismiss. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge James P. Mazzone for initial review [Dkt. No. 17].

On February 7, 2020, Magistrate Judge Mazzone entered a Report and Recommendation ("R&R"), recommending that the motions to dismiss [Dkt. Nos. 12, 23] be granted and the matter be dismissed [Dkt. No. 27 at 6-7]. The R&R also informed Plaintiff that "[w]ithin fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of Court" [Dkt. No. 27 at 7]. It further warned that the "[f]ailure to timely file objections to the Report and Recommendation . . . will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation" [Id.]. The Plaintiff was served with a copy of the R&R on February 10, 2020 [Dkt. No. 28] but, to date, no

objections have been filed.

When reviewing a Magistrate Judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because Plaintiff Zara has not objected to the R&R, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. The Court agrees with the Magistrate Judge's finding that subject matter jurisdiction does not exist and that Plaintiff's Complaint fails to state a claim upon which relief can be granted [Dkt. No. 27 at 5-6]. As determined by the Magistrate Judge, the factual allegations in Plaintiff's Complaint fall within sections 7 or 8 of the National Labor Relations Act and Federal Courts are precluded from presiding over the claims [Id. at 5]. See San Diego Bldg. Trades Council, et al. v. Garmon, 359 U.S. 236, 245 (1959) ("[w]hen activity is arguably subject to [section] 7 or [section] 8 of the [National

3

Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board"). While Plaintiff also contends that the USW breached a duty of fair representation when it refused to take his grievance to arbitration, such an action arises under state law as a breach of contract claim and this Court similarly does not have jurisdiction over the claim [Id. at 6]. See Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903 (1967).

Upon careful review of the R&R, the Court:

(1) **ADOPTS** the R&R [Dkt. No. 27] for reasons more fully stated therein;

(2) **GRANTS THE MOTIONS TO DISMISS** [Dkt. Nos. 12, 23];

(3) **DISMISSES WITH PREJUDICE** the Complaint [Dkt. No. 1]; and

(4) **STRIKES** this action from the active docket of the Court.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of the orders to counsel of record and to the pro se Plaintiff, via certified mail, return receipt requested.

**DATED:** June 30, 2020

THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE